**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| STEPHEN GEORGE ARNOLD | ) | Case No. 07-11543 |
| | ) | |
| Debtor. | ) | |
| ———————————————— | ) | |
| | | |
| ELKES DEVELOPMENT, LLC et al. | ) | |
| | ) | |
| Plaintiffs, | ) | Adv. No. 08-02005 |
| v. | ) | |
| | ) | |
| STEPHEN GEORGE ARNOLD | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |

**MEMORANDUM OPINION**

This matter came before the Court on June 1, 2009 pursuant to the jurisdictional issues

raised by the Court <u>sua sponte</u>.  At the hearing, David B. Puryear, Jr. appeared on behalf of Elkes

Development, LLC, Robert Elkes, Sr., Marty Elkes, Sr., Jack Elkes, Sr., Robert Elkes, Jr., Jack

Elkes, Jr., and Keith Elkes (the "Plaintiffs") and Rayford K. Adams, III appeared on behalf of the

above-referenced debtor (the "Debtor").  After consideration of the record in this case, the

arguments of the parties, and the relevant law, the Court finds that it lacks jurisdiction to hear the

Plaintiffs' defamation claims but does have jurisdiction to decide their unfair trade practice and

nondischargeability claims.

**I.  FACTS AND PROCEDURAL HISTORY**

The Debtor is an officer and the sole shareholder of Arcon, Inc.  Prior to the

commencement of the Debtor's bankruptcy, Plaintiff Elkes Development, LLC and Arcon, Inc. were named defendants in a state court action. Both defendants filed cross-claims against each other for breach of contract. On September 6, 2007, the Debtor held a press conference and, with local newspaper and television outlets present, allegedly made defamatory statements about the Plaintiffs.

On October 26, 2007, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Plaintiffs commenced this adversary proceeding on February 1, 2008, asserting claims of libel and slander and violations of the North Carolina Unfair and Deceptive Trade Practices Act, enacted as N. C. Gen. Stat. § 75-1.1. The Plaintiffs also allege that those claims, along with the Debtor's liability for sanctions stemming from the state court matter, are excepted from discharge pursuant to Sections 523(a)(6) and (7) of the Bankruptcy Code. On March 20, 2009, the Plaintiffs filed a motion for partial summary judgment, reserving for trial the issue of the amount of damages. On April 23, 2009, the Court entered a <u>sua sponte</u> order raising certain jurisdictional issues and giving both parties the opportunity to brief them. On June 1, 2009, the Court held a hearing on those issues and took the matter under advisement.

## II.  ANALYSIS

Federal district and bankruptcy courts are courts of limited jurisdiction. Section 1334 of Title 28 of the United States Code vests in the district court "original and exclusive jurisdiction of all cases under title 11" and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a), (b). District courts have the power to refer cases or proceedings under Title 11 to the bankruptcy courts. <u>Id.</u> § 157(a). Bankruptcy courts are authorized to hear matters as "a unit of the district

2

court." Id. § 151.  Bankruptcy judges may enter appropriate orders and judgments in core

proceedings as defined in Section 157(b)(2).  Id. § 157(b).  Bankruptcy judges may also hear

non-core related proceedings, but they may not enter final orders absent the consent of the

parties.  Id. § 157(c).  Rather, they must submit proposed findings of fact and conclusions of law

to the district court, where they are subject to de novo review.  Id.

### A.  Personal Injury Tort Claims

Section 157(b)(5) states:

> The district court shall order that personal injury tort and wrongful death claims shall
> be tried in the district court in which the bankruptcy case is pending, or in the district
> court in the district in which the claim arose, as determined by the district court in
> which the bankruptcy case is pending.

28 U.S.C. § 157(b)(5).  Most courts interpret this provision to mean that all personal injury tort

claims are not within the subject matter jurisdiction of a bankruptcy court and must be tried in

the district court.  See Adams v. Cumberland Farms, Inc., No. 95-1736, slip op. at 3 (1st Cir.

May 7, 1996) (1996 WL 228567) ("[T]he specific provisions in question, viz 28 U.S.C.

§§ 157(b)(2)(B) and 157(b)(5), strictly limit the authority of bankruptcy judges with respect to

personal injury and wrongful death claims."); In the Matter of Grabill Corp., 967 F.2d 1152,

1153 (7th Cir. 1992) ("Section 157(b)(5) requires that such actions be tried in the district

court."); Hansen v. Borough of Seaside Park (In re Hansen), 164 B.R. 482, 485-86 (D.N.J. 1994)

("Pursuant to the express terms of 28 U.S.C. § 157(b)(5), bankruptcy courts do not have subject

matter jurisdiction over personal injury tort causes of action and wrongful death claims.");

Williamson v. Patterson (In re Patterson), 150 B.R. 367, 368 (E.D. Va. 1993) ("Congress has

mandated trial in the district court of personal injury tort actions, 28 U.S.C. § 157(b)(5), and

3

thereby specifically excepted such actions from bankruptcy court jurisdiction."); <u>Perino v. Cohen</u> <u>(In re Cohen)</u>, 107 B.R. 453, 455 (S.D.N.Y. 1989) ("This implication follows generally from 28 U.S.C. § 157, and particularly from § 157(b)(2)(B) and (5) which exclude 'personal injury tort or wrongful death claims' which must be tried in the district court."); <u>In re Nifong</u>, No. 08-80034, slip op. at 2 (Bankr. M.D.N.C. May 27, 2008) (Stocks, J.) (2008 WL 2203149) ("Such balancing, however, is not required in the present case because of a jurisdictional limitation that is applicable in this case. Such limitation arises under 28 U.S.C. § 157(b)(5) . . . ."). The exclusion of personal injury tort claims from the purview of the bankruptcy court stems from Congressional recognition that such claimants stand in a different relationship with the bankruptcy debtor because they did not voluntarily enter into dealings with the debtor. <u>Adams</u>, slip op. at 3. The purpose of 28 U.S.C. § 157(b)(5) is to prevent bankruptcy courts from trying personal injury tort actions. <u>In the Matter of Poole Funeral Chapel, Inc.</u>, 63 B.R. 527, 532 (Bankr. N.D. Ala. 1986).

The term "personal injury tort claim" is not expressly defined in Title 28 or Title 11. <u>Moore v. Idealease of Wilmington</u>, 358 B.R. 248, 250 (E.D.N.C. 2006); <u>In re Ice Cream</u> <u>Liquidation, Inc.</u>, 281 B.R. 154, 160 (Bankr. D. Conn. 2002). As a result, courts have disagreed as to what constitutes a "personal injury tort claim,"[1] adopting one of three diverging views.

---

[1]<u>Compare</u> <u>Moore v. Idealease of Wilmington</u>, 358 B.R. 248, 250 (E.D.N.C. 2006) (holding that civil rights claims under 42 U.S.C. §§ 1981 and 1982 are personal injury tort claims); <u>In re Erickson</u>, 330 B.R. 346, 349 (Bankr. D. Conn. 2005) (holding that employment discrimination on the basis of race, creed, disability or sex is a personal injury tort); <u>In re Ice Cram Liquidation, Inc.</u>, 281 B.R. 154, 164 (Bankr. D. Conn. 2002) (holding that sexual harassment is a personal injury tort); <u>Leatham v. Von Volkmar (In re Von Volkmar)</u>, 218 B.R. 890, 895-96 (Bankr. N.D. Ill. 1998) (holding that intentional infliction of emotional distress is a personal injury tort); <u>Thomas v. Adams (In re Gary Brew Enterprises, Ltd.)</u>, 198 B.R. 616, 620 (Bankr. S.D. Cal. 1996) (holding that racial discrimination is a personal injury tort); <u>Boyer v. Balanoff (In re Boyer)</u>, 93 B.R. 313, 318 (Bankr. N.D.N.Y. 1988) (holding that a civil rights deprivation is a personal injury tort) <u>with</u> <u>Cohen</u>, 107 B.R. at 455 (holding that racial

Courts adopting the narrowest definition of the term hold that a personal injury tort claim requires an actual physical injury. See, e.g., Massey Energy Co. v. West Virginia Consumers for Justice, 351 B.R. 348, 351 (E.D. Va. 2006); Cohen, 107 B.R. at 455. These courts conclude that Congress intended Section 157(b)(5) for a narrow range of claims, and that the focus should be on the "traditional, plain-meaning sense of those words." Cohen, 107 B.R. at 455. Otherwise, jurisdiction would be too easily lost from bankruptcy courts, opening the door to a mass exodus of the claims allowance process to the district court. See In re Atron Inc. of Michigan, 172 B.R. 541, 545 (Bankr. W.D. Mich. 1994); Bertholet v. Harman, 126 B.R. 413, 416 (Bankr. D.N.H. 1991).

Courts adopting the most expansive view of Section 157(b)(5) find that a personal injury tort claim is not limited to a claim involving bodily injury. See, e.g., Hansen, 164 B.R. at 486; Erickson, 330 B.R. at 349; Rizzo v. Passialis (In re Passialis), 292 B.R. 346, 352 (Bankr. N.D. Ill. 2003). The term "embraces a broad category of private or civil wrongs or injuries for which a court provides a remedy in the form of an action for damages, and includes damage to an individual's person and any invasion of personal rights, such as libel, slander and mental suffering." Boyer, 93 B.R. at 317 (citing Black's Law Dictionary 707, 1335 (5th ed. 1979)). Congress could have used the term "personal bodily injury" if it wished to limit personal injury tort claims, such as when it drafted Section 522(d)(11) of the Bankruptcy Code. Von Volkmar,

---

discrimination is not a personal injury tort); In re Atron Inc. of Michigan, 172 B.R. 541, 545 (Bankr. W.D. Mich. 1994) (holding that racial discrimination is not a personal injury tort); In the Matter of Interco, Inc., 135 B.R. 359, 362 (Bankr. E.D. Mo. 1991) (holding that age discrimination is not a personal injury tort); Vinci v. Town of Carmel (In re Vinci), 108 B.R. 439, 442 (Bankr. S.D.N.Y. 1989) (holding that claims under 42 U.S.C. § 1983 are not personal injury tort claims).

218 B.R. at 894.

Some courts have reached a middle ground between the narrow and expansive views, looking to whether a claim falls within the purview of a personal injury tort claim under the expansive view, yet retaining bankruptcy jurisdiction over the claim if it has "earmarks of a financial, business or property tort claim, or a contract claim." Ice Cream Liquidation, 281 B.R. at 161; Adelson v. Smith (In re Smith), 389 B.R. 902, 908 (Bankr. D. Nev. 2008). The middle ground encompasses torts involving bodily and reputational harm, without including those personal injury torts designated by statute only. Smith, 389 B.R. at 908. The Smith court found this approach the most appealing because "it is closely aligned with what are traditionally thought of as the 'common law torts;' and while it includes emotional and reputational harms, it does not go so far as to allow nonbankruptcy law to define certain torts as personal injury torts." Id.

The court in Ice Cream Liquidation rejected the narrow approach because, as shown by Section 522(d)(11) of the Bankruptcy Code, Congress knew how to say "personal bodily injury" when it wanted to. 281 B.R. at 160. In addition, the narrow approach may put too much emphasis on a technical analysis of a complaint's allegations, often drafted before the issue arises in a subsequent bankruptcy case. Id. The court also disagreed with the broad approach because it may place too much reliance on how a tort was categorized by nonbankruptcy law, increasing the risk that financial, business, property, or contract tort claims could be withdrawn from the bankruptcy system, contrary to the intent of Congress. Id. at 161. After distinguishing the plaintiffs' sexual harassment claims from other workplace claims that might constitute a financial, business, or property torts, the Ice Cream Liquidation court concluded that such claims

fell within Section 157(b)(5).  Id. at 162-63.

      After considering the three approaches as to what constitutes a "personal injury tort claim," this Court concludes that the middle ground is the correct approach.  Using this approach, the Court finds that the Plaintiffs' defamation claims constitute personal injury tort claims within the meaning of Section 157(b)(5).  See Control Center, L.L.C. v. Lauer, 288 B.R. 269, 279, 286 (M.D. Fla. 2002) (holding that a defamation claim is a personal injury tort claim); Hansen, 164 B.R. at 486 (holding that a defamation claim is a personal injury tort claim); Smith, 389 B.R. at 908 (holding that a libel claim is a personal injury tort claim); Passialis, 292 B.R. at 352 (holding that a slander claim is a personal injury tort claim).  But see Mitan v. Davis (In re Davis), 334 B.R. 874, 878 n.2 (Bankr. W.D. Ky. 2005) (holding that a libel claim is not a personal injury tort claim).  These defamation claims lack any financial, business, property, or contract characteristics that would support an argument that this Court has jurisdiction over them.

      Using the same middle ground approach, the Court concludes that the Plaintiffs' unfair and deceptive trade practice claim, which is a cause of action based on a statute, is not a personal injury tort claim within the meaning of Section 157(b)(5).  See In re Hollida, 212 B.R. 831, 833 (N.D. W. Va. 1997) (holding that an embezzlement claim is not a personal injury tort claim); Crossley v. Lieberman, 90 B.R. 682, 693 (E.D. Pa. 1988) (holding that a claim for violation of the Fair Debt Collection Practices Act is not a personal injury tort claim); Grimes v. First-Citizens Bank & Trust Co. (In re Grimes), 388 B.R. 195, 199-200 (Bankr. N.D. W. Va. 2008) (holding that a negligence claim is not a personal injury tort claim); Bertholet, 126 B.R. at 416 (holding that a negligence claim is not a personal injury tort claim).

**B.  The Limitations of 28 U.S.C. § 157(b)(5) are Jurisdictional**

Having determined that the Plaintiffs' defamation claims are personal injury tort claims, the Court must decide whether the general proscription in Section 157(b)(5) that personal injury tort claims "shall be tried in the district court" is jurisdictional or procedural.  If Section 157(b)(5) is jurisdictional, then this Court cannot determine the part of the case for which jurisdiction is lacking.  Smith, 389 B.R. at 910 (citing Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998)).  If Section 157(b)(5) is procedural, then its requirements can be waived, either expressly or by conduct.  Smith, 389 B.R. at 910.  A majority of cases hold that Section 157(b)(5) is jurisdictional in nature.  See, e.g., Patterson, 150 B.R. at 368 (withdrawing the reference to the bankruptcy court of a personal injury tort action based upon the specific exception to bankruptcy court jurisdiction mandated by Section 157(b)(5)); Nifong, slip op. at 2 ("[I]f there are claims in the Civil Action that are 'personal injury torts,' such claims must be tried in the district court and not in this court."); Erickson, 330 B.R. at 349 ("It follows that this court lacks subject-matter jurisdiction to adjudicate the discrimination claim, although it has exclusive jurisdiction to adjudicate its dischargeability once such claim is liquidated."); Passialis, 292 B.R. at 351 ("The Court has no jurisdiction to determine the slander claim underlying Rizzo's dischargeability complaint."); Von Volkmar, 218 B.R. at 892 ("[T]he Court lacks subject matter jurisdiction to try or liquidate Plaintiff's personal injury claims against either the bankruptcy estate or Defendant under 28 U.S.C. § 157(b)(5)."); Gary Brew Enterprises, 198 B.R. at 620 ("The filing of the Proof of Claim cannot be tantamount to consent where Congress has explicitly restricted this Court's jurisdiction in § 157(b)(2)(B) and (5)."); Boyer, 93 B.R. at 318 ("[T]he Court, lacking subject matter jurisdiction, must dismiss the instant adversary

8

proceeding."). This Court agrees with the majority position and finds that it lacks subject matter jurisdiction to hear the Plaintiffs' defamation claims.

Because this Court is without jurisdiction to hear the defamation claims, it cannot hear the motion for summary judgment concerning such claims. See Moore, 358 B.R. at 252 (holding that district court should retain control over all aspects of personal injury tort claims including the resolution of pre-trial motions); Patterson, 153 B.R. at 33 ("[T]he bankruptcy court's rulings on the discovery matters, from which appellants appeal, are null and void, because the bankruptcy court lacked subject matter jurisdiction over the adversary proceeding.").

## III. CONCLUSION

This Court does not have jurisdiction to decide the Plaintiffs' defamation claims, but the Court does have jurisdiction to decide the unfair trade practice and nondischargeability claims. The Plaintiffs may elect to dismiss their defamation claims and try their unfair trade practice and nondischargeability claims in this Court. Or they may move the United States District Court to withdraw the reference pursuant to 28 U.S.C. § 157(d) and try some or all of their claims in the District Court. See Patterson, 150 B.R. at 368 (district court withdrew the reference of personal injury tort claim but declined to withdraw reference of dischargeability claim); Erickson, 330 B.R. at 350 ("With regard to the debtor's stated preference for transferring the state-court litigation to the district court which may try both the issue of the discrimination claim and the issue of its dischargeability together, nothing in this ruling precludes the debtor from moving in the district court to transfer the litigation and to revoke the reference to the bankruptcy court of the nondischargeability issue pursuant to § 157(d).").

This opinion constitutes the Court's findings of fact and conclusions of law. A separate

order shall be entered pursuant to Fed. R. Bankr. P. 9021.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| STEPHEN GEORGE ARNOLD | ) | Case No. 07-11543 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | | |
| ELKES DEVELOPMENT, LLC et al. | ) | |
| | ) | |
| Plaintiffs, | ) | Adv. No. 08-02005 |
| v. | ) | |
| | ) | |
| STEPHEN GEORGE ARNOLD | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PARTIES IN INTEREST**

David B. Puryear, Jr.

Elkes Development, LLC, et al.

Rayford K. Adams, III

Stephen George Arnold

11