IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

IN RE:                                    )
    STEPHEN GEORGE ARNOLD,            )
                                )        Bankr. Case No. 07-11543
                     Debtor.            )
                                  )
_____ )
                                  )
ELKES DEVELOPMENT, LLC;              )
ROBERT ELKES, SR.; MARTY ELKES, SR.; )        Adv. Pr. No. 08-02005
JACK ELKES, SR.; ROBERT ELKES, JR.;   )
JACK ELKES, JR.; and KEITH ELKES,     )
                                  )
               Plaintiffs,          )
                                  )        1:09CV651
            v.                    )
                                  )
STEPHEN GEORGE ARNOLD,             )
                                  )
               Defendant.          )

<u>ORDER</u>

      This matter is before the Court on a Motion to Withdraw the Reference in Part [Doc. #2] filed by the Plaintiffs in Bankruptcy Adversary Proceeding 08-02005, related to the bankruptcy of Debtor Stephen George Arnold, Case No. 07-11543. The Adversary Proceeding at issue involves claims asserted by Plaintiffs Elkes Development, LLC, Robert Elkes, Sr., Marty Elkes, Sr., Jack Elkes, Sr., Robert Elkes, Jr., Jack Elkes, Jr. and Keith Elkes ("Plaintiffs") against Defendant Debtor Stephen George Arnold ("Defendant"). Plaintiffs' Amended Complaint in the Adversary Proceeding seeks primarily to determine the dischargeability of certain debts pursuant to 11 U.S.C. § 523(a)(6) and 523(a)(7) ("Count I"). However, Plaintiffs also assert a claim against Defendant for common law defamation ("Count II") and for violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. General Statute § 75-1.1, based

on that same alleged defamation ("Count III").

These claims were filed by Plaintiffs in Defendant's bankruptcy case in the United States Bankruptcy Court for the Middle District of North Carolina and were referred to the Bankruptcy Court pursuant to Local Standing Order 10. However, the Bankruptcy Court entered a Memorandum Opinion and Order on July 17, 2009, concluding pursuant to 28 U.S.C. § 157(b)(5) that Count II is a personal injury tort claim outside the jurisdiction of the Bankruptcy Court, which must be tried in the District Court. See 28 U.S.C. § 157(b)(5) ("[P]ersonal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose."). In the Memorandum Opinion and Order, the Bankruptcy Court noted that there was a split of authority on this issue, particularly with respect to whether a defamation claim should be considered a "personal injury tort." However, no party appealed or contested the determination by the Bankruptcy Court.

Plaintiffs subsequently filed the present Motion to Withdraw the Reference. In the Motion, Plaintiffs ask this Court to exercise its discretion pursuant to 28 U.S.C. § 157(d) to withdraw the reference of this matter from the Bankruptcy Court with respect to the Count II defamation claim. See 28 U.S.C. § 157(d) ("The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.") Plaintiffs note that withdrawal of the reference as to Count II would be in accord with the Bankruptcy Court's determination, and would be "for the convenience of the parties, would effect judicial economy, and would bring before this Court

2

issues more familiar to Article III courts." (Pl.'s Motion [Doc. #2] at 3.)  The Defendant Debtor has not filed an objection or response to the Motion to Withdraw the Reference.

The Court has reviewed Plaintiffs' unopposed Motion to Withdraw the Reference, the Bankruptcy Court's July 17, 2009 Memorandum Opinion and Order, and the Record that has been presented, and the Court in its discretion concludes that the reference of this matter to the Bankruptcy Court should be withdrawn with respect to Count II.  In reaching this conclusion, the Court notes that even if Count II is not considered a personal injury tort, it is still a non-core matter involving state law claims for money damages, for which a jury trial has been demanded, and which Plaintiffs now seek to have heard in this Court.  In these circumstances, the Court concludes that cause exists pursuant to 28 U.S.C. § 157(d) to withdraw the reference of this matter with respect to Count II, and Plaintiffs' Motion to Withdraw the Reference will therefore be granted.

Having so concluded, the Court further notes that Plaintiffs' claim for unfair and deceptive trade practices (Count III) is based on the same underlying factual contentions as the Count II defamation claim.  In addition, the Court notes that Count III is also a non-core matter involving state law claims for money damages, for which a jury trial has been demanded.  In these circumstances, this Court concludes that it would be an inefficient use of judicial resources to conduct a jury trial in this Court as to Count II and a separate jury trial in the Bankruptcy Court as to Count III, based on the same underlying factual contentions.  Therefore, the Court in its discretion concludes that the reference of Count III to the Bankruptcy Court should also be withdrawn pursuant to 28 U.S.C. § 157(d), for cause, in light of the overlapping nature of the

3

claims and in order to avoid unnecessary duplication of effort and inefficient use of the parties'
and the Court's resources.  Therefore, the Court will withdraw the reference as to both Counts
II and III.[1]

Finally, the Court notes that Count I of Plaintiffs' Amended Complaint is a claim to
determine the dischargeability of certain debts, including the amounts claimed in Counts II and
III for defamation and unfair and deceptive trade practices.  This dischargeability determination
is a core bankruptcy proceeding that properly remains with the Bankruptcy Court for further
proceedings after disposition of Claims II and III in this Court.

IT IS THEREFORE ORDERED that Plaintiffs' unopposed Motion to Withdraw the
Reference in Part [Doc. #2] is GRANTED, and the reference of the claim asserted in Count II
of the Amended Complaint in Adversary Proceeding 08-02005 is WITHDRAWN from the
Bankruptcy Court.

IT IS FURTHER ORDERED that, for good cause, the reference of the claim asserted
in Count III of the Amended Complaint in Adversary Proceeding 08-02005 is also
WITHDRAWN from the Bankruptcy Court.

FINALLY, IT IS ORDERED that all of the filings in Adversary Proceeding 08-02005
shall be entered on the docket in 1:09CV651 so that Counts II and III can proceed in this Court.
To the extent that any summary judgment motions were previously filed in the Bankruptcy

---

[1] Because the Court has determined that the reference of these matters should be
withdrawn pursuant to 28 U.S.C. § 157(d) in the Court's discretion, the Court has not considered
the separate question of whether Counts II and III involve "personal injury torts."  To the
extent that the Bankruptcy Court addressed that issue in its July 17, 2009 Memorandum Opinion
and Order in the Adversary Proceeding, this Court notes that that Order was not appealed and
is not before this Court for review.

Court and are still pending at this time, those motions should be re-filed in 1:09CV651 for consideration by this Court.

      This, the 5th day of November, 2009.


                                        United States District Judge

5